**Marlon DeWitt WATSON,
Plaintiff–Appellant,**

**v.**

**State of MISSOURI, Office of Attorney General; Missouri Department of Social Services, Director of Family Support Division; Christine Brown, Missouri Department of Social Services, Family Support Division; Amber L. Daugherty, Missouri Department of Social Services, Division of Legal Ser-**

---

vices; **Latisha Nichole Knighten; Authorized Representative of the Director, Missouri Department of Social Services, Defendants–Appellees.**

**No. 16–3095**

United States Court of Appeals,
Tenth Circuit.

FILED August 25, 2016

Marlon DeWitt Watson, Pro Se.

P. Benjamin Cox, Kansas City, MO, Ronald R. Holliger, Jeremiah J. Morgan, Sr., Jefferson City, MO, Office of the Attorney General for the State of Missouri, for Defendants–Appellees.

Before BRISCOE, GORSUCH, and McHUGH, Circuit Judges.

**ORDER AND JUDGMENT** *

Neil M. Gorsuch, Circuit Judge

Before the district court Marlon Watson claimed that the defendants violated his constitutional and state law rights by ordering him to provide child support and health insurance. The district court dismissed the case, thoroughly explaining in an eleven page order that Mr. Watson's claims, apparently based on 42 U.S.C. § 1983, could not be brought against the State of Missouri, its agencies, and the other defendants because Eleventh Amendment and *Younger* abstention doctrine barred the way. Mr. Watson now asks us to overturn the district court's decision. But even affording his pleadings a solicitous construction, we can discern no

error in the district court's judgment and nothing we might add to its careful analysis.

Affirmed.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.